IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO H. CERON, | No. C 07-05902 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |
| v. | |
| GMAC MORTGAGE, | |
| Defendant. | |

On November 21, 2007, pro se plaintiff Roberto Ceron filed a "Petition for Libel of Review of an Administrative Judgment." Plaintiff's petition states, among other things, that he seeks review of a foreign judgment and that this case involves "a constitutional matter involving a man on the land complaining about theft and kidnap." Plaintiff also states that "all parties are U.S. Vessels," that the Public Vessels Act applies to this case, and that this case is brought under admiralty law. Plaintiff has attached numerous documents to his petition, including a "conditional acceptance," a "letter rogatory," an affidavit, and an "Accounting and True Bill" that seeks more than 50 million dollars in damages.

For the reasons stated below, the Court orders plaintiff to file a declaration by **August 14, 2009** stating why this case should not be dismissed for (1) failure to prosecute and (2) failure to timely serve defendant. If plaintiff wishes to file an amended complaint, he must do so by **August 14, 2009**. Failure to comply with this deadline will result in dismissal of plaintiffs' petition.

**1.    Failure to Prosecute**

This Court may *sua sponte* dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). When doing so, a

court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). It should also afford the litigant prior notice of its intention to dismiss. *Id.* at 133.

Plaintiff filed his petition in November 2007. It is now eighteen months later and plaintiff has taken no action in this case other than filing a consent to proceed before a magistrate judge in February 2008. **If plaintiff wishes to proceed, he must file a declaration explaining this delay and expressing his intention to prosecute this matter in a timely manner.**

**2.     Failure of to Timely Serve Defendant**

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. Pro. 4(m).

Plaintiff filed his petition in November 2007. The docket reflects that defendant still has not been served. **Plaintiff must file a declaration requesting an extension to serve defendant and showing good cause for his delay in effectuating service.**

**3.     Failure to State a Claim**

The Court cannot determine the factual or legal bases for plaintiff's claims and finds that plaintiff has failed to state a claim for which relief can be granted. Accordingly, plaintiff's petition is DISMISSED with leave to amend. If plaintiff wishes to file an amended complaint, the complaint must (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon

which the events occurred; and (4) state the relief that plaintiff seeks.

**Accordingly, the Court orders plaintiff to file a declaration by August 14, 2009 stating why this case should not be dismissed for (1) failure to prosecute and (2) failure to timely serve defendant. If plaintiff wishes to file an amended complaint, he must do so by August 14, 2009.** Failure to comply with this deadline will result in dismissal of plaintiffs' petition.

**IT IS SO ORDERED.**

Dated: July 31, 2009

SUSAN ILLSTON
United States District Judge